# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VICTOR RODRIGUEZ,**

       **Plaintiff,**

**v.**                                   Case No:   6:18-cv-91-Orl-22GJK

**TRANSDEV BUS ON DEMAND, LLC,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE** (Doc. No. 26) |
| **FILED:** | **July 23, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

### I.   FACTUAL BACKGROUND

On January 18, 2018, Plaintiff filed a complaint against Defendant alleging retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Doc. No. 1. On May 31, 2018, Plaintiff filed his answers to the Court's interrogatories. Doc. No. 24. In his answers, Plaintiff alleges that Defendant miscalculated his compensation, and Defendant retaliated against Plaintiff by terminating his employment after refusing to submit to a drug test without being paid for his time taking the test. *Id.* at 1. Plaintiff claims $2,021.38 in unpaid overtime and $4,400.00 in back pay resulting from Defendant's alleged retaliatory termination. *Id.* at 2. On June 13, 2018, Plaintiff filed a notice of settlement. Doc. No. 25.

On July 23, 2018, the parties filed a joint motion (the "Motion") requesting that the Court approve their settlement agreement (the "Agreement") and dismiss the case with prejudice. Doc. No. 26 at 4. The parties attach a copy of the Agreement in support. Doc. No. 26-1. For the reasons that follow, it is recommended that the Court approve the Agreement and dismiss the case with prejudice.

## II. APPLICABLE LAW

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.* Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *See also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[2] For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.</u>

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds Judge Presnell's reasoning persuasive.

### III. ANALYSIS

#### A. Settlement Amount

In his answers to the Court's interrogatories, Plaintiff claims $2,021.38 in unpaid overtime and $4,400.00 in back pay resulting from Defendant's alleged retaliatory termination for a total of $6,421.38. Doc. No. 24 at 2. The Agreement states that Plaintiff will receive $2,500.00 to settle his unpaid wages and back pay claims, and Plaintiff will receive $1,500.00 to settle his liquidated damages claim for a total of $4,000.00. Doc. No. 26-1 at 3. Since Plaintiff is receiving less than the amount claimed, Plaintiff has compromised his FLSA claim. *Caseres v. Texas de Brazil (Orlando) Corp.*, No. 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 26 at 1-2, 4. Mindful of the uncertainty, costs, and risks associated with continued litigation, the parties decided to amicably resolve their dispute. *Id.* at 1-2. The parties were represented by experienced counsel during the settlement negotiations. *Id.* at 4. Finally, the terms of the Agreement were the result of extensive negotiations without any coercion, collusion, or undue influence. *Id.*

The undersigned notes that the settlement amount for Plaintiff's unpaid wages and back pay claims is $1,000 more than the settlement amount for Plaintiff's liquidated damages claim. Doc. No. 26-1 at 3. Generally, "[a] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them." *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). In light of this proposition, courts have approved FLSA settlement agreements in which the plaintiff waives their claim to liquidated damages upon the parties' representation that there was a bona fide dispute regarding entitlement to such damages. *See Chaparro v. Brevard Extraditions, Inc.*, No. 6:16–cv–776–Orl–40DCI, 2017 WL 1078193, at * 3 (M.D. Fla. Mar. 3, 2017) ("Plaintiff was entitled to waive liquidated damages given the parties' representation that there was a genuine dispute regarding Plaintiff's entitlement to them …"); *Goodrich v. Park Ave. Dermatology, P.A.*, No. 3:15–CV–1435–J–32PDB, 2016 WL 6782771, at * 3 n. 2 (M.D. Fla. Oct. 25, 2016) ("The absence of liquidated damages here does not render the settlement agreement unfair because the parties explain [the plaintiff] has not shown evidence to support them and they dispute liability under the FLSA."); *Patterson v. Acad. Fire Prot., Inc.*, No. 3:13–cv–87–J–34JBT, 2014 WL 169812, at *6 (M.D. Fla. Jan. 8, 2014) (finding FLSA settlement agreement fair and reasonable where plaintiff did not receive liquidated damages under the

agreement because there was a genuine dispute as to whether plaintiff was entitled to such damages).

Here, the parties state that they have a bona fide dispute as to whether Defendant violated the FLSA, and consequently, whether Plaintiff is entitled to liquidated damages. Doc. No. 26 at 1-2. In light of the parties' bona fide dispute, their agreement upon a lesser amount of liquidated damages does not render the Agreement unfair or unreasonable. Considering the foregoing, along with the strong presumption favoring settlement, the settlement amount is fair and reasonable.

### B. Release Provision

The Agreement's release provision releases Defendant from:

> [A]ny and all FLSA claims, demands, acts, actions, occurrences, costs, losses, obligations, proceedings, litigations, demands, liabilities, promises, causes of action, suits for statutory damages, or for injunctive relief, arising out the FLSA … that [Plaintiff] may have against the Released Parties arising from, in connection with, or relating to (a) the terms and conditions of his employment with [Defendant]; (b) the termination of his employment with [Defendant]; and (c) the aforementioned case.

Doc. No. 26-1 at 4. Thus, the release provision releases Defendant from all FLSA claims arising from, in connection with, or relating to: 1) the terms and conditions of Plaintiff's employment with Defendant; 2) the termination of Plaintiff's employment with Defendant; and 3) this case. *Id.* This Court has required separate consideration for releases, but only when such releases are broad, general, or not limited to certain claims. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010); *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release). Here, the release provision is limited only to the FLSA claims, and thus, no separate consideration is required. Doc. No. 26-1 at 4. Given the foregoing, the Agreement's release provision is fair and reasonable.

### C. Attorneys' Fees and Costs

Under the Agreement, Plaintiff's counsel will receive $4,077.81 in attorneys' fees and $422.19 in costs for a total of $4,500. Doc. No. 26-1 at 3. The parties represent such fees and costs "were negotiated separately and represent complete satisfaction of all attorneys' fees and costs owed to Plaintiff's counsel." Doc. No. 26 at 3. Such a representation adequately establishes that the issue of attorneys' fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the Agreement's attorneys' fees and costs provision is fair and reasonable.

## IV.   CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 26); and

2) **APPROVE** the Agreement to the extent that the Court finds it to be a fair and reasonable resolution of Plaintiff's claims; and

3) **DISMISS** the case with prejudice; and

4) **DIRECT** the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on August 28, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy